# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTHONY SCOTT, et al.,

      Plaintiff,      :      Case No. 3:09-cv-147

                                District Judge Thomas M. Rose
  -vs-                          Magistrate Judge Michael R. Merz

                            :

THOMAS AND KING, INC., etc.,

      Defendant.

## DECISION AND ORDER

This case is before the Court on Defendant's Motion to Compel (Doc. No. 22). Given that discovery cut-off in this case was April 12, 2010, and the deadline for dispositive motions is May 3, 2010, the Magistrate Judge ordered Plaintiffs to show cause on an expedited basis (Doc. No. 24). They responded promptly (Doc. No. 26) and Defendants have filed a Reply in Support (Doc. No. 53).

### Failure to Provide Paper Discovery

Defendant's Motion represents that Plaintiffs Anthony Scott, Frank Hearns, Tanela Darby, Antwan Johnson, and Ricky Stinnett were served with interrogatories and requests for the production of documents on February 4, 2010. Under Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), responses were due thirty days later, or March 6, 2010[1]. Defendant further represents that these Plaintiffs have provided no responses at all as of April 14, 2010, when the Motion was filed. PageID

---

[1] Defendant's Motion inaccurately calculates the due date as March 4, 2010. PageID 148.

148.

In their Response, Plaintiffs assert that Defendant's requests for discovery on February 4, 2010, did not include any requests for production of documents. PageID 182-183. Defendant makes no reply to this point.

Furthermore, Plaintiffs note that the Fed. R. Civ. P. 26(f) Report in this case contains an agreement to limit the number of interrogatories to "40 per side." That is correct. (Doc. No. 5 at PageID 45). The number of interrogatories encompassed within the sets directed to the Plaintiffs who did not respond is in excess of the agreed limit.

Therefore the portion of the Motion seeking to compel additional paper discovery is denied.

**Depositions**

The principal grounds of contention are over depositions. Defendant represents that it issued notices of deposition for all sixteen plaintiffs at least three weeks prior to the time when the depositions were set and that only nine appeared (Doc. No. 22, PageID 148). Plaintiffs admit that of their number, Anthony Scott, Aaron Scott, Jeff January, Kianna Abrams, Ricky Stinnett, Tanela Darby, and Frank Hearns were not deposed as notice (Doc. No. 26, PageID 174). Plaintiffs' counsel addresses each of these Plaintiffs individually, and the Court will do likewise.

**Frank Hearns**

As to Mr. Hearns, Plaintiffs' counsel represents that they had "on numerous occasions made several unsuccessful attempts to reach Mr. Hearns at his last known telephone number, and continued to do so after learning Defendant wished to depose him in this case." *Id.* at PageID 175.

2

Having received unconfirmed information that he was incarcerated, they "notified defense counsel via email on March 12, 2010 that Mr. Hearns was going to be dismissed from the lawsuit, and therefore he would not be attending his deposition that was scheduled for April 8, 2010." *Id.* "On April 2, 2010, Plaintiffs' counsel also sent a letter to Mr. Hearns at his last known address notifying him that he would be dismissed from the lawsuit without prejudice." Dismissal of Mr. Hearns voluntarily requires Court permission under Fed. R. Civ. P. 41(a) and no motion to that effect has been filed.

### Anthony Scott

After Mr. Scott deposition was noticed, Plaintiffs' counsel were unsuccessful in reaching him at his last known telephone number and learned from his brother that he had enlisted in the United States Army and would not complete basic training until March 26, 2010. *Id.* at PageID 175-176. Despite several messages, Anthony Scott did not contact counsel until April 13, 2010, after discovery was closed. *Id.* at 176. Defense counsel were notified well in advance that he could not attend a deposition of April 7 or 8. Counsel offer proof by Affidavit of why Mr. Scott was not available prior to the close of discovery. He wishes to continue in the litigation and is available for deposition during the two week period beginning "shortly after May 25, 2010." *Id.* PageID 185-186.

### Ricky Stinnett

Early in 2010, Mr. Stinnett told Plaintiffs' counsel "he was seriously considering dropping out of the case." *Id.* PageID 177. When they received no definite decision, they advised him on

March 24, 2010, that he would be dismissed without prejudice. *Id.* Prior to that they gave the same information to defense counsel. *Id.* They have not heard further from Mr. Stinnett "and can only assume that he does not wish to pursue his claims at this time." *Id.* Dismissal of Mr. Stinnett voluntarily requires Court permission under Fed. R. Civ. P. 41(a) and no motion to that effect has been filed.

**Tanela Darby**

Ms. Darby's situation parallels that of Mr. Stinnett – an indication of considering dropping out with no definitive statement, counsel's letter to her to the effect she would be dismissed without prejudice, and notice to defense counsel of this intention well in advance of the scheduled deposition. *Id.* PageID 178. Dismissal of Ms. Darby voluntarily requires Court permission under Fed. R. Civ. P. 41(a) and no motion to that effect has been filed.

**Kianna Abrams**

Ms. Abrams initially confirmed her availability for deposition on the date set, but canceled the day before because of new employment. She advised counsel she did not object to being dismissed without prejudice. *Id.* PageID 179. Dismissal of Ms. Darby voluntarily requires Court permission under Fed. R. Civ. P. 41(a) and no motion to that effect has been filed.

**Aaron Scott**

Aaron Scott is Anthony Scott's brother; his deposition was re-set at his request so that he

4

could attend his brother's graduation from basic training. *Id.* Forty-five minutes before the deposition was set to begin, Aaron Scott's mother advised Plaintiffs' counsel that he could not appear because he was taking his daughter to the hospital for treatment of headaches. Upon this advice, the deposition was re-scheduled by consent for 3:00 p.m. on April 8, 2010, upon Aaron Scott's mother's assurance he would be there. *Id.* PageID 180. He did not appear nor respond to a telephone call from his counsel attempting to re-schedule.

> On April 14, 2010, Plaintiffs' counsel sent Aaron Scott a letter outlining what had occurred and letting him know that he would likely be dismissed from the case due to his failure to appear for his deposition and failure to reschedule or apprise his counsel of his status. Mr. Scott was further informed that Plaintiffs' counsel could not adequately represent him if he did not provide his attorneys with any justification for his failure to attend or to reschedule his deposition. Since sending Mr. Scott the April 14 letter, his counsel has not heard back from him and can only assume that he no longer wishes to pursue his claims at this time.

(Doc. No. 26, PageID 180-181.) Dismissal of Aaron Scott voluntarily requires Court permission under Fed. R. Civ. P. 41(a) and no motion to that effect has been filed.

## Jeff January

After initially confirming his availability for deposition as scheduled, Mr. January advised his counsel the day before the deposition that he had no transportation from Springfield, Ohio, to Dayton, Ohio, where the deposition was to be held. *Id.* PageID 181. Counsel responded that he would therefore likely be dismissed from the lawsuit. No motion to that effect has been filed. defense counsel were notified the same day as Plaintiffs' counsel learned Mr. January would not be present.

5

## Analysis

Defendant seeks to have these seven Plaintiffs dismissed with prejudice for failure to prosecute the case. The Sixth Circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff. See, *Jourdan v. Jabe,* 951 F.2d 108 at 110 (6th Cir. 1991); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 689 (6th Cir. 1985); *Carter v. City of Memphis*, 636 F.2d 159 at 161 6th Cir. 1980). Absent a showing of a clear record of delay or contumacious conduct, the order of dismissal is an abuse of discretion, such that the district court is limited to lesser sanctions designed to achieve compliance. *Carter*, 636 F.2d at 161." *Little v. Yeuter,* 984 F.2d 160 (6th Cir. 1993).

While the conduct of these Plaintiffs (except Anthony Scott) comes close to satisfying this standard, the Court believes it can fashion a remedy to avoid that harsh sanction and also avoid prejudice to Defendant. If the six Plaintiffs who wish to dismissed without prejudice file a motion seeking that relief not later than May 23, 2010, the Court is prepared to grant that motion on condition that, if they re-file their lawsuit, they pay Defendant's expenses for preparing for their depositions contemporaneously with any such re-filing. Defendant shall file a claim for the amount of such expenses not later than the same date.

Plaintiff Anthony Scott's failure to attend and to communicate with counsel is adequately explained and excused by his military obligations. The Court is loathe to punish a litigant who volunteers for military service during a time when the country is at war. Accordingly, no sanctions will be imposed on Anthony Scott provided he presents himself for deposition at his counsel's office at 9:30 a.m. on June 1, 2010, or at such other time as counsel for the parties may agree in writing or

the Court may order.

May 13, 2010.

                                                  s/ **Michael R. Merz**

                                                  United States Magistrate Judge