UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANTHONY SCOTT, et al.,

            Plaintiffs,

-v-

THOMAS & KING, INC., d/b/a
APPLEBEE'S NEIGHBORHOOD GRILL
& BAR,

            Defendant.

Case No. 3:09-cv-147

Judge Thomas M. Rose

___

**ENTRY AND ORDER GRANTING THOMAS & KING'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO PLAINTIFFS' NEGLIGENCE CLAIM (Doc. #82) AND TERMINATING THIS CASE**

___

This matter comes now before the Court on a second Motion for Summary Judgment filed by Defendant Thomas & King, Inc., d/b/a Applebee's Neighborhood Grill & Bar ("Thomas & King"). Thomas & King's first Motion for Summary Judgment was granted on Plaintiffs' § 1981, Ohio public accommodation and public policy claims. However, Thomas & King did not seek summary judgment on Plaintiffs' negligence claim at that time.

This action was originally brought by sixteen (16) Plaintiffs in the Court of Common Pleas of Clark County, Ohio. It was subsequently removed to this Court by the Defendant based upon this Court having both federal question and diversity jurisdiction. (Doc. #1.) Plaintiffs did not object to the removal and subsequently amended their Complaint on September 9, 2009, adding a new claim for race discrimination in violation of 42 U.S.C. § 1981.

Six of the initial Plaintiffs were dismissed without prejudice because they failed to appear for their depositions. (Doc. #69.) The remaining Plaintiffs are Asia Averhart, Antwan Johnson,

Ryan McAfee, Courtney Portis, Angela Nicholson-Woods, Bobby Buford, Eric Taylor, Ashley Scott and Anthony Scott (a/k/a Anthony Cosby and Chikira Abrams). The remaining ten (10) Plaintiffs are collectively referred to herein as "Plaintiffs."

Plaintiffs' First Amended Complaint brings forth four (4) Claims for Relief. (Doc. #10.) The First Claim for Relief for public accommodation discrimination, the Third Claim for Relief for breach of public policy and the Fourth Claim for Relief for violation of 42 U.S.C. § 1981 have been dismissed on summary judgment. The Second Claim for Relief for negligence, willful/intentional and/or reckless acts/conduct remains to be adjudicated.

Thomas & King has been granted leave to seek summary judgment on Plaintiffs' Second Claim for Relief for negligence (doc. #80) and now does so. Thomas & King's second Motion for Summary Judgment is now fully briefed and ripe for decision.

The relevant facts were fully set forth in this Court's previous Entry and Order Granting In Part and Overruling In Part Thomas & King's Motion for Summary Judgment (doc. #77), and they have not changed. Therefore, the relevant facts will not be repeated here.

## RELEVANT LEGAL PROVISIONS

### Summary Judgment

The standard of review applicable to motions for summary judgment is established by Federal Rule of Civil Procedure 56 and the associated caselaw. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). Thus, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Anderson*, 477 U.S. at 255. If the parties present conflicting evidence, a court may not

decide which evidence to believe by determining which parties' affiants are more credible. 10A Wright & Miller, *Federal Practice and Procedure*, §2726. Rather, credibility determinations must be left to the fact-finder. *Id.*

However, the mere existence of a scintilla of evidence in support of the nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id.* The inquiry, then, is whether reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Id.*

Finally, in ruling on a motion for summary judgment, "[a] district court is not …obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties. The Rule 56 evidence includes the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted. Fed. R. Civ. P. 56(c).

**State Law Claims**

Thomas & King's second Motion for Summary Judgment concerns an Ohio negligence claim. In reviewing an Ohio claim, this Court must apply the law of Ohio, as interpreted by the Supreme Court of Ohio. *Northland Ins. Co. v. Guardsman Prods. Inc.*, 141 F.3d 612, 617 (6th Cir. 1998). Specifically, this Court must apply the substantive law of Ohio "'in accordance with the then-controlling decision of the highest court of the state.'" *Imperial Hotels Corp. v. Dore*,

257 F.3d 615, 620 (6th Cir. 2001)(quoting *Pedigo, M.D. v. UNUM Life Ins. Co. of America*, 145 F.3d 804, 808 (6th Cir. 1998)). Also, to the extent that the highest court in Ohio has not addressed the issue presented, this Court must anticipate how Ohio's highest court would rule. *Id.* (quoting *Bailey Farms., Inc. v. NOR-AM Chem. Co.*, 27 F.3d 188, 191 (6th Cir. 1994)).

### Negligence Claim

The elements of an Ohio negligence claim are: (1) the defendant owed plaintiff a duty; (2) the defendant breached that duty; and (3) such breach was the proximate cause of plaintiff's injuries. *Lutz v. Chitwood*, 337 B.R. 160, 168 (S. D. Ohio 2005)(citing *Chambers v. St. Mary's School*, 697 N.E.2d 198, 200 (Ohio 1998)). The existence of a duty is ordinarily a question of law. *Id.* The determination of whether the duty was breached and whether such breach was the proximate cause of an injury is generally a question of fact. *Id.*

Duty "is the court's expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." *Mussivand v. David*, 544 N.E.2d 265, 270 (Ohio 1989)(quoting Prossor, Law of Torts (4th ed. 1971) pp. 325-326)). The common-law duty of care is that degree of care which an ordinarily reasonable and prudent person exercises under the same or similar circumstances. *Id.*

### ANALYSIS

Thomas & King argues that the Plaintiffs have not established the existence of a legal duty that Ohio law recognizes, and if they were to do so, the actions of its manager on February 9, 2007, were reasonable under the circumstances. The Plaintiffs respond that Ohio imposes a common law legal duty on Thomas & King to serve potential patrons equally and that Thomas & King breached this duty on the night of February 9, 2007.

The duty that a landowner owes to a person who enters the landowner's property is defined by the status of the person who enters. *Gladon v. Greater Cleveland Regional Transit Authority*, 662 N.E.2d 287, 291 (Ohio 1996). One such status is that of invitee. An invitee is a person who rightfully comes on the property of another by invitation, express or implied, for some purpose which is beneficial to the property owner. *Id.* The Parties in this case do not dispute that Plaintiffs were invitees to Applebee's on the evening of February 9, 2007.

Ohio has identified at least one duty owned by a business to an invitee. A business owes an invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.*, 480 N.E.2d 474, (Ohio 1985). However, the Plaintiffs have never alleged or identified evidence that Thomas & King failed to protect them against any dangerous conditions on the night of February 9, 2007. Thus, according to Thomas & King, the Plaintiffs have not identified a duty that was breached.

The Plaintiffs argue that Thomas & King had a common law duty as a restaurant owner or innkeeper to serve potential patrons equally, without regard to personal preference, so long as they can be accommodated. In support of this argument, the Plaintiffs first cite *"Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 footnote 10 (1983) citing *Lane v. Cotton*, 12 Mod. 472, 484 (K.B. 1701)." However, footnote 10 in *Bray* discusses the application of Rule 24.2 and says nothing about a duty to serve patrons.

The Plaintiffs next cite *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241 (1964) for the source of a duty. This case sets forth Title II of the Civil Rights Act which provides that,

> All persons shall be entitled to the full and equal enjoyment of the goods,
> services, facilities, privileges, advantages, and accommodations of any place of

>public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

*Heart of Atlanta*, 379 U.S. at 247.

Title II of the Civil Rights Act provides a duty that Thomas & King owes to its patrons. However, this duty was the basis for and has already been addressed in Plaintiffs' statutory public accommodation and § 1981 claims. Further, if this duty were to be the basis for a negligence claim, in addition to the public accommodation and § 1981 claims, the Plaintiffs have presented no evidence that Thomas & King declined to serve them based upon their race, color, religion or national origin.

In their Second Claim for Relief, the Plaintiffs allege that Thomas & King and its agents were negligent when they failed to make a reasonable or fair effort on the night of February 9, 2007, to distinguish Plaintiffs from the alleged past non-paying troublemakers that they contend they could identify were negligent, willful and/or reckless acts and/or conduct. However, the Plaintiffs have not shown that Thomas & King had a legal duty to do so. Thus, Plaintiffs' negligence claim must fail.

## CONCLUSION

Plaintiffs' First Claim for Relief for public accommodation discrimination, Third Claim for Relief for breach of public policy and Fourth Claim for Relief for violation of 42 U.S.C. § 1981 have previously been dismissed on summary judgment. (Doc. #77.) Further, Plaintiffs have failed to identify that Thomas & King owed them a duty from which a negligence claim could arise. Thus, Plaintiffs' Second Claim for Relief for negligence, willful/intentional and/or reckless acts/conduct must also be dismissed.

Thomas & King is entitled to judgment as a matter of law. Thus, Thomas & King's Motion for Summary Judgment With Respect To Plaintiffs' Negligence Claim (doc. 382) is GRANTED. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Ninth Day of September, 2010.

                                            **s/Thomas M. Rose**

                                            THOMAS M. ROSE
                               UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record